UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SETH T. CAREY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    No. 2:25-cv-00384-SDN |
| | ) |
| SUNDAY RIVER SKIWAY and | ) |
| DARREN TRIPP, | ) |
| | ) |
|     Defendants | ) |

## RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Seth T. Carey's application to proceed *in forma pauperis*, *see* ECF No. 4, his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Carey brings claims under the Americans with Disabilities Act (ADA), the Maine Human Rights Act (MHRA), Title VII of the Civil Rights Act (CRA), and state tort law against his former employer Sunday River Skiway and its head of security Darren Tripp (collectively, Sunday River). Carey argues that Sunday River discriminated against him when it refused to reemploy him, alleging that its decision was motivated by his ADHD rather than his criminal history, as Sunday River claimed. Inconsistently, Carey also alleges that Sunday River discriminated against him when it declined to rehire him based on his criminal history.

Carey's complaint is subject to dismissal for several reasons.

First, Carey's complaint lacks sufficient cogent detail to state claims under the ADA and the MHRA because it lacks adequate facts to show that Sunday River

1

refused to rehire him based on his disability. Sunday River's alleged knowledge of Carey's ADHD diagnosis (which, according to him, never caused any performance issues during his prior employment at Sunday River), and his speculation that it viewed him as mentally ill when it described his behavior in seeking to be rehired as "inappropriate" are not enough to satisfy the *Twombly/Iqbal* standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief.).

Second, Carey fails to state a claim under Title VII of the CRA because having a criminal history does not make him a member of a protected class. *See Casillas-Guardiola v. Bayer P.R., Inc.,* No. 22-1167 (GMM), 2025 WL 2806814, at *23 (D.P.R. Sept. 30, 2025) (quoting 42 U.S.C. § 2000e-2(a)) ("Title VII of the Civil Rights Act of 1964 forbids employment discrimination based on an 'individual's race, color, religion, sex, or national origin.'").[1]

Third, Carey's state law tort claims for Intentional Infliction of Emotional Distress (IIED) and Negligent Infliction of Emotional Distress (NIED) fail because he has not alleged facts showing that Sunday River engaged in extreme or outrageous conduct or that it owed him a duty of care. *See Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 25, 48 A.3d 774 (noting that a claim of IIED requires a showing

---

[1] Carey briefly states that Sunday River also discriminated against him based on his sex, *see* Complaint at 9, but his complaint lacks any cogent details to support that claim.

of conduct "so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community"); *Curtis v. Porter*, 2001 ME 158, ¶¶ 18-19, 784 A.2d 18 (explaining, in the NIED context, that there is no "general duty to avoid negligently causing emotional harm," but rather that this duty is recognized in "very limited circumstances" such as in "bystander liability actions" or where "a special relationship exists between the actor and the person emotionally harmed").

Finally, Carey's claim under Maine's "An Act Relating to Fair Chance in Employment" fails because that law does not—as Carey asserts—forbid an employer such as Sunday River from considering a job candidate's criminal history. *See* 26 M.R.S.A. § 600-A (Westlaw Nov. 3, 2025) (prohibiting employers from asking about criminal history on initial application forms and requiring employers to give an otherwise qualified applicant the opportunity to explain any convictions).

For these reasons, I recommend that the Court **DISMISS** Carey's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: November 3, 2025        /s/ Karen Frink Wolf
                               United States Magistrate Judge