UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SETH CAREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:25-cv-00384-SDN |
| | ) |
| SUNDAY RIVER SKIWAY et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

In this matter, Plaintiff Seth Carey brings a variety of claims under the Americans with Disabilities Act ("ADA"), the Maine Human Rights Act ("MHRA"), Title VII of the Civil Rights Act ("CRA")", and state tort law against his former employer, Sunday River Skiway, and its head of security, Darren Tripp (collectively, the "Defendants"). Mr. Carey's claims arise from alleged disability discrimination and adverse employment actions taken by Defendants based on his ADHD.[1] On November 3, 2025, the Magistrate Judge recommended the Court dismiss Mr. Carey's complaint for failure to state a claim for all counts alleged. ECF No. 5. Mr. Carey subsequently objected to the Recommended Decision. ECF No. 6. I have reviewed and conducted a de novo review of the Magistrate Judge's Recommended Decision. For the following reasons, I **AFFIRM** the Recommended Decision and **DISMISS** the Complaint.

## BACKGROUND

Mr. Carey seeks both injunctive and monetary relief based on Defendants "taking adverse employment actions against him ultimately resulting in the wrongful termination

---

[1] In his attached Memorandum of Law, Mr. Carey further alleges that Defendants discriminated against him and refused to rehire him on the basis of his criminal history. *See* ECF No. 1 at 19–23.

1

of his employment." ECF No. 1 at 1, 23–24. In his Complaint, Mr. Carey alleges numerous facts regarding his ADHD diagnosis, his long employment history at Sunday River Skiway, and Defendants' refusal to rehire him after his previous guilty plea to misdemeanor charges and other pending felony charges in 2022. *See id.* at 3–4, 23.

In her Recommended Decision, the Magistrate Judge recommends dismissing Mr. Carey's complaint on multiple grounds. First, Mr. Carey has failed to state a plausible claim under the *Twombly/Iqbal* standard for claims brought under the ADA and MHRA. ECF No. 5 at 1–2. Second, Mr. Carey has failed to state a claim under Title VII of the CRA, which does not include criminal history (or disability status) as a protected class. *Id.* at 2. Third, Mr. Carey's tort claims for Intentional Infliction of Emotional Distress (IIED) and Negligent Infliction of Emotional Distress (NIED) fail because "he has not alleged facts showing that Sunday River engaged in extreme or outrageous conduct or that it owed him a duty of care." *Id.* Finally, Mr. Carey has also failed to state a claim under the Maine state law "An Act Relating to Fair Chance in Employment" because the law does not forbid an employer from considering an applicant's criminal history. *Id.* at 3.

## DISCUSSION

Mr. Carey's objection to the Recommended Decision does not state specific objections to the Magistrate Judge's legal reasoning or conclusions, aside from a general objection that "it appears that the magistrate failed to read or consider the Plaintiff's Facts or Memorandum of Law," which "addresses and overcomes the magistrate's contention" that he has failed to state any viable claim for relief. ECF No. 6 at 1–2. Mr. Carey bases this objection on "the fact that the magistrate only referred to Complaint counts and nothing else." *Id.* at 1. The remainder of Mr. Carey's objection consists of additional factual allegations regarding the conduct of Mr. Tripp, Sunday River Skiway's

employment policies, and speculation regarding its decision not to rehire Mr. Carey. *See id.* at 2–8. As an initial matter, I find the Magistrate Judge's Recommended Decision is well-reasoned and supported by the entire record, including Mr. Carey's supporting Memorandum.

Upon my de novo review, I affirm the Magistrate Judge's conclusion that Mr. Carey has failed to allege adequate facts to support a claim for relief under either the ADA or MHRA. Even when considering this Court's duty to liberally construe Mr. Carey's pleadings as a pro se plaintiff, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), I find he has failed to state sufficient "non-conclusory, non-speculative factual allegations" to "plausibly narrate a claim for relief." *Humana Inc. v. Biogen, Inc.*, 126 F.4th 94, 103 (1st Cir. 2025) (quoting *Cheng v. Neumann*, 51 F.4th 438, 443 (1st Cir. 2022)). For similar reasons, I agree with the Magistrate Judge that Mr. Carey's claims for Intentional Infliction of Emotional Distress (IIED) and Negligent Infliction of Emotional Distress (NIED) each fail to state a claim upon which relief can be granted. Mr. Carey has provided no authority to support the proposition that Defendants' conduct in refusing to rehire him amounts to conduct "so extreme and outrageous as to exceed all possible bounds of decency" nor that he suffered emotional distress "so severe that no reasonable person could be expected to endure it." *Lougee Conservancy v. CitiMortgage, Inc.*, 48 A.3d 774, 784 (Me. 2012) (quoting *Lyman v. Huber*, 10 A.3d 707, 711 (Me. 2010)).[2]

I likewise concur with the Magistrate Judge's conclusion that Mr. Carey has failed to state a claim for relief under Title VII of the CRA, which does not include either disability status or criminal history as a protected class for employment discrimination

---

[2] When sitting in diversity, federal courts apply the substantive law of the forum state. *Estrella v. PNF Realty, Inc.*, No. 1:25-cv-00250, 2026 WL 472959, at *6 n.4 (D. Me. Feb. 26, 2026).

3

purposes. *See* 42 U.S.C. § 2000e-2(a)) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin."); *see also Reynoso v. Dejoy*, 757 F. Supp. 3d 190, 193–94 (D.P.R. 2024) (dismissing Title VII employment discrimination claim where plaintiff failed to allege membership in protected class). Finally, I affirm the Magistrate Judge's conclusion dismissing Mr. Carey's claim under 26 M.R.S.A. § 600-A ("An Act Relating to Fair Chance in Employment") and reject Mr. Carey's argument that the state law contemplates a complete prohibition on employers from considering a job applicant's criminal history. *See* 26 M.R.S.A. § 600-A

## CONCLUSION

Following my de novo review, for the foregoing reasons and for those already explained in the Magistrate Judge's Recommended Decision, Mr. Carey's objection, ECF No. 6, is **OVERRULED**. The Recommended Decision, ECF No. 5, is **ADOPTED** and **AFFIRMED** in its entirety. Accordingly, Mr. Carey's complaint, ECF No. 1, is **DISMISSED**.

**SO ORDERED.**

Dated this 10th day of March, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**